UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHY SWAFFORD and<br>RICK WOEHLECKE, individually and on<br>behalf of others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CENTRAL TRI-AXLE, INC.<br><br>      Defendant. | CAUSE NO: 1:16-CV-278<br><br>CLASS ACTION<br><br>COLLECTIVE ACTION PURSUANT<br>TO 29 U.S.C. § 216(b) |

## COMPLAINT

Plaintiffs Cathy Swafford ("Swafford") and Rick Woehlecke ("Woehlecke") (together "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their Complaint against Central Tri-Axle, Inc. ("Defendant" or "Central"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and Indiana state law for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime and regular wages.

2. Plaintiffs plead their FLSA claim as a collective action under Section 216(b) of the FLSA.

3. Woehlecke, individually and on behalf of all other similarly situated employees, by and through his counsel, brings a class action against Defendant pursuant to the Federal Rules of Civil Procedure Rule 23 for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.* and the Indiana Wage Deductions

Statute, I.C. §22-2-6-1 *et seq.*

4. Swafford brings an individual claim against Defendant for violation of the Indiana Wage Claim Statute, I.C. § 22-2-9-1 *et seq.* and the Indiana Wage Deductions Statute, I.C. §22-2-6-1 *et seq.*

5. Plaintiffs and other similarly situated persons are current and former employees of Defendant who drove dump trucks on local daily runs out of Defendant's Edinburgh, Indiana facility and were paid pursuant to the same pay scheme at issue in this case.

**THE PARTIES**

6. At all relevant times hereto, Swafford resided in and was domiciled in either Marion County, Indiana or Johnson County, Indiana. Swafford's written consent is attached hereto as Exhibit "A".

7. At all relevant times hereto, Woehlecke resided in and was domiciled in Brown County, Indiana. Woehlecke's written consent is attached hereto as Exhibit "B".

8. Central is an Indiana corporation with its principal place of business located in Edinburgh, Indiana, within this judicial district.

9. Swafford was employed by Defendant as a dump truck driver during the three-year period immediately preceding the filing of this action.

10. Woehlecke was employed by Defendant as a dump truck driver during the three-year period immediately preceding the filing of this action.

11. At all times relevant hereto, Plaintiffs and other similarly situated individuals who drove dump trucks were Defendant's "employees" pursuant to the FLSA,

2

29 U.S.C. § 203(e)(1).

12. At all times relevant hereto, Defendant was the "employer" of Plaintiffs and other similarly situated individuals who drove dump trucks, as defined by the FLSA, 29 U.S.C. § 203(d).

13. During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the FLSA.

14. Other dump truck drivers who worked for Defendant were not exempt from the overtime wage provisions of the FLSA.

15. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

16. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

**JURISDICTION AND VENUE**

18. This Court has jurisdiction over Plaintiffs' FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Plaintiffs' Indiana state law claims pursuant to 28 U.S.C. §1367.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**FACTUAL BACKGROUND**

20. Plaintiffs and other similarly situated individuals who drove dump trucks for Defendant were employed by Defendant in the job position "Driver."

21. Plaintiffs, as well as all current and former Drivers (or their functional equivalents), are not, and were not, compensated for all of their compensable pre-shift work, post-shift work and travel time within a continuous workday.

22. Plaintiffs, as well as all current and former Drivers (or their functional equivalents), are not, and were not, paid overtime for all hours worked over 40 in a workweek as mandated by the FLSA.

23. Defendant paid Plaintiffs a percentage of the revenue generated from each load they delivered.

24. Defendant paid other similarly situated Drivers a percentage of the revenue generated from each load they delivered.

25. During their employment by Defendant, Plaintiffs worked more than forty (40) hours in one or more individual work weeks.

26. Defendant failed to pay Plaintiffs overtime wages as required by the FLSA for all hours worked in excess of forty (40) hours in individual work weeks.

27. During the prior three years, Defendant employed other similarly situated Drivers who worked more than forty (40) hours during one or more individual work weeks.

28. Defendant failed to pay other persons employed by Defendant as Drivers overtime wages as required by the FLSA for all hours worked in excess of forty (40) hours in individual work weeks.

29. At all relevant times, Defendant had a policy and practice of deducting a "fuel surcharge" from the earned wages of Plaintiffs and other similarly situated drivers.

30. Defendant also made disciplinary deductions from Swafford's earned

wages to cover purported damage to Defendant's dump trucks.

31. In June 2016, Swafford filed a wage claim with the Indiana Department of Labor. On July 21, 2016, the Indiana Office of the Attorney General referred Swafford's wage claim to the undersigned counsel for prosecution.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

32. Swafford and Woehlecke, on behalf of themselves and on behalf of all other employees similarly situated, bring their unpaid overtime claims as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. *et seq.*

33. Swafford and Woehlecke are similarly situated to other of Defendants' drivers in that they are all subject to Defendants' uniform work rules, time-keeping policies, and unlawful pay practices.

34. Defendant knew that Plaintiffs and all other employees similarly situated performed work that required additional wages and overtime compensation be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive Plaintiffs and all other employees similarly situated of overtime compensation.

35. Defendant's failure to pay overtime compensation as required by the FLSA results from a decision, policy and/or practice applicable to Plaintiffs and all other employees similarly situated. Application of this policy or practice does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit. Rather, the same decision, policy and/or practice that resulted in the non-payment of overtime to Plaintiffs applied to all current and former employees of Defendants who were employed as drivers or their functional equivalents. Accordingly, the class is properly defined as:

**All current and former employees of Defendants who were employed as**

**drivers or their functional equivalents at any time during the three year period preceding the filing of the Complaint in this action.**

36. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and all current and former drivers.

## CLASS ACTION ALLEGATIONS

37. Woehlecke, on behalf of himself and on behalf of all other employees similarly situated, brings a Class Action against Defendant pursuant to the Federal Rules of Civil Procedure, Rule 23, for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.* and I.C. §22-2-6-1 *et seq.*

38. The claims arising under Indiana state law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

39. The class action is maintainable under subsections (1), (2), and (3) of Rule 23(b).

40. The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of:

(i) individuals who currently are employed by Defendant or who voluntarily separated their employment with Defendant;

(ii) who held the position of driver;

(iii) anytime during the two year period preceding the filing of this Complaint; and

(iv) who were subjected to Defendant's policy and practice of deducting "fuel surcharges" from earned wages.

41. The class size is believed to be in excess of 50 employees, and thus the class is so numerous that joinder of all members is impracticable.

42. Woehlecke will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of other class members.

43. There are no known conflicts of interest between Woehlecke and the other class members.

44. The class counsel, Gibbons Legal Group, P.C., is qualified and able to litigate the class members' claims.

45. Gibbons Legal Group, P.C. concentrates its practice in employment litigation, and its attorneys are experienced in litigating multi-plaintiff cases arising under federal and state wage and hour laws.

46. Common questions of law and fact predominate in this action because the class members are all subject to the same decision, policy and/or practice of whereby Defendant deducted "fuel surcharges" from drivers' earned wages, and the legal claims of all class members are based on whether Defendants' policy and practice violates the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.* and the Indiana Wage Deductions Statute, I.C. §22-2-6-1 *et seq.*

47. The class is maintainable under subsection (1) of Fed. R. Civ. P. 23(b) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying outcomes in the cases and/or outcomes for individual litigants that would have bearing on all of the other individuals in the group.

48. The class action is maintainable under subsections (2) and (3) of Fed. R.

Civ. P. 23(b) because Woehlecke seeks injunctive relief with respect to the class as a whole, common questions of law and fact predominate among the class members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

49. Plaintiffs hereby incorporate by reference paragraphs 1-48 of their Complaint.

50. During the relevant time period, Defendant have violated and are violating the provisions of Sections 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating these employees for their employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs, and those similarly situated, in accordance with the law.

### COUNT TWO: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.* and *I.C. §22-2-6-1 et seq.*

51. Woehlecke hereby incorporates by reference paragraphs 1-50 of the Complaint.

52. During the relevant time period, Defendant has violated and is violating the provisions of Indiana Code §22-2-5 *et. seq.* and I.C. §22-2-6-1 *et seq.* by making unlawful "fuel surcharge" deductions from the wages earned by Woehlecke and those similarly situated.

## COUNT THREE: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-9 *et. seq.* and *I.C. §22-2-6-1 et seq.*

53. Swafford hereby incorporates by reference paragraphs 1-52 of the Complaint.

54. During the relevant time period, Defendant has violated and is violating the provisions of Indiana Code §22-2-9 *et. seq.* and I.C. §22-2-6-1 *et seq.* by making unlawful "fuel surcharge" and damage deductions from the wages earned by Swafford.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, demand judgment against Defendant in their favor and request that the Court grant the following relief:

a) Order the Defendant to file with this Court and furnish to class counsel a list of all names, telephone numbers, home addresses and email addresses of all Drivers (or any other similarly titled position) who have worked for Defendant within the last three years;

b) Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Drivers (or any other similarly titled position) who have worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

c) Certify a class for Count Two;

d) Appoint Gibbons Legal Group, P.C. as counsel for the Plaintiffs;

e) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

f) An Order pursuant to Indiana Code §22-2-5 *et. seq*. and I.C. §22-2-6-1 *et. seq*. finding Defendant liable for unlawful deductions from the wages of Plaintiffs and class members, plus payment of liquidated damages;

g) An Order pursuant to Indiana Code §22-2-9 *et. seq.* and I.C. §22-2-6-1 *et. seq*. finding Defendant liable for unlawful deductions from the wages of Swafford, plus payment of liquidated damages;

h) An Order awarding the costs of this action;

i) An Order awarding reasonable attorneys' fees;

j) An Order preliminarily and permanently restraining Defendant from engaging in the aforementioned state law pay violations;

k) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

l) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

m) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Robert J. Hunt
Robert J. Hunt (#30686-49)

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS LEGAL GROUP, P.C.
3091 E. 98th St.
Indianapolis, Indiana 46280
Telephone: (317) 706-1100
Facsimile: (317) 623-8503
E-Mail: rob@gibbonslegalgroup.com
phil@gibbonslegalgroup.com